Argued July 22, affirmed August 9, 1976

In the Matter of the Dissolution of the Marriage of
KERN, *Appellant,*
*and*
KERN, *Respondent.*
(No. 419-296, CA 6116)
552 P2d 865

*Larry N. Sokol,* Portland, argued the cause for appellant. With him on the brief were Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

*Julia L. Boston,* Portland, argued the cause for respondent. On the brief were Colombo, Danner and Boston, P.C., and Virgil Colombo, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Wife appeals from a marriage-dissolution decree contending that she should have been awarded more of the property. The parties were married in 1973 and they separated in 1975. Wife had been previously married and had a child of the previous marriage living with her. She is permanently hired as a school teacher and handles a part-time job as well. She sold her previously owned property during the marriage and from the proceeds invested about $19,000 in a piece of property which is adjacent to another piece of property in the Kenton area of Portland which husband owned before the marriage. Together the two properties constitute a parcel of land which has a valuation of approximately $88,000. The husband also previously owned some other property which is not in controversy in this proceeding.

The decree provides that all of the Kenton property shall be husband's and that wife shall have a judgment against him in the amount of $22,291 plus 6 percent interest until paid for her interest in it. Wife contends she should have been awarded a larger interest therein.

■ Aside from the money which wife invested in the real property in question, when they entered this marriage of short duration, wife had savings of $1,100 and husband $7,995, according to evidence in the record. Their income was jointly used in the Kenton property transaction and general expenses. At the conclusion of the marriage wife had $14,615 in savings, thus having gained about $13,500 in this respect, and husband had $11,385, having gained about $3,400. The court took these gains into consideration when it made the award respecting the property in question. Wife's salary income had been considerably larger than husband's during the marriage; however, husband had income from his previously owned property and other dealings which, when added onto his earnings, put him in approximately the same position as wife with refer-

ence to total income. This also was considered by the trial court in arriving at its challenged conclusion. When all the factors going into the trial court's decree are considered with reference to this property, we think it to have been just and equitable under the circumstances.

■ Wife also requests that we modify the trial court's decree by giving her a blue rug and sofa which were awarded to husband in the decree. The parties were involved in petty acrimony about the division of numerous articles of personal property which did not have great value. The experienced trial judge did the best he could in dividing these items between the parties and upon our review of the record we conclude we can do no better.

Affirmed. Costs to neither party.